IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MITCHELL BILLINGSLEY                                                                                    PLAINTIFF
*Individually and doing business as*
*Mitchell Billingsley Logging*

vs.                                                    Civil No. 4:09-cv-04040

WEYERHAEUSER COMPANY                                                                          DEFENDANT

**REPORT AND RECOMMENDATION**
**OF A UNITED STATES MAGISTRATE JUDGE**

Before this Court is Defendant's Motion for Summary Judgment. (Doc. No. 10). The Motion was filed on April 16, 2010. Plaintiff responded to this Motion on May 7, 2010. (Doc. No. 15). On August 6, 2010, the Motion was referred to this Court by the United States District Judge Harry F. Barnes pursuant to 28 U.S.C. § 636(b)(1). (Doc. No. 18). This matter is now ready for decision.

**1. Background**

On May 4, 2009, this case was removed from the Howard County Arkansas, Circuit Court. (Doc. No. 1). Plaintiff's Complaint was originally filed in that court. In his Complaint, Plaintiff claims he was engaged in the "logging business" for Defendant beginning in the fall of 1999. *Id.* Plaintiff claims he was led to believe that if he purchased several pieces of expensive equipment, he would have a "long-term relationship" with Defendant. *Id.* Plaintiff claims that instead of the promised "long-term relationship," he only worked for Defendant for seven years and was terminated on April 24, 2006. *Id.* During the time he was employed by Defendant, Plaintiff entered into a series of short-term contracts with Defendant which were typically one-year contracts. *Id.* At the time he was terminated, Plaintiff was under two contracts lasting from March 27, 2006 to March 27, 2007.

*Id.*

In his Complaint, Plaintiff raises three causes of action: (1) fraud, (2) promissory estoppel, and (3) breach of contract. *Id.* at 3-6. Plaintiff also specifically requests that punitive damages be awarded. *Id.* at 6. Plaintiff bases his fraud and promissory estoppel claims on alleged representations made by Defendant's employees:

> Prior to the Plaintiff's numerous agreements to invest in new and/or improved equipment, prior to giving up his relationship with Anthony Timberlands, and prior to signing the initial and subsequent contracts with the Defendant, Bill Ewaskiwicz, or Richard Gilbert and/or Kenny White [Defendant's employees] represented to the Plaintiff that his relationship with Defendant was long-term as long as the Plaintiff was willing to meet the Defendant's equipment requirements and the Plaintiff's fulfillment of the short-term services contracts was satisfactory; further that the Defendant would continue to provide Plaintiff with work even thought the nature of the services might change and require additional or different equipment.

(Doc. No. 2 ¶¶ 9, 14). Plaintiff's breach of contract claim is based upon the contracts Plaintiff and Defendant entered into in March of 2006.[1] (Doc. No. 2 ¶¶ 17-20).

On May 4, 2009, Defendant filed its answer to Plaintiff's Complaint. (Doc. No. 3). In its answer, Defendant admitted that it entered into "numerous" short-term contracts with Plaintiff, that Plaintiff "was engaged in the business of harvesting timber" in 1999, and that its contract with Plaintiff was terminated in 2006. *Id.* ¶¶ 4, 6, 18. Defendant also raised several affirmative defenses in its answer. *Id.* ¶¶ 27-36.

Thereafter, on May 16, 2010, Defendant filed its Motion for Summary Judgment and brief in support thereof. (Doc. Nos. 10-11). Defendant claims it is entitled to summary judgment on all Plaintiff's causes of action. (Doc. No. 11, Pages 4-20). First, Defendant claims Plaintiff's fraud claim is without merit because Plaintiff presented no evidence that Defendant committed fraud. *Id.* at 8-15.

---

[1] It appears Plaintiff later changed his position on his breach of contract claim and now argues that an alleged *oral* contract was breached and not the written contract. (Doc. No. 16, Pages 12).

Second, Defendant claims Plaintiff's promissory estoppel claim is without merit because there is no evidence that a promise was made or that Plaintiff justifiably relied upon such a promise. *Id.* at 15-18. Third and finally, Defendant claims that Plaintiff's breach of contract action is barred by the statute of frauds. *Id.* at 4-8.

Plaintiff responded to this Motion on May 7, 2010. (Doc. Nos. 15-16). With his response, Plaintiff also submitted several documents, including his deposition excerpts. *Id.* Plaintiff claims summary judgment is inappropriate because there are several factual disputes that must be resolved by a jury. *Id.* These factual disputes include "what was said, what was relied upon and what damages flowed from the actions." *Id.* Plaintiff also claims that he has raised triable issues of fact for fraud, promissory estoppel, and breach of contract. *Id.* Specifically, Plaintiff claims that the deposition excerpts from his deposition establish that Defendant promised that "he would have six month contracts repeatedly renewed for the indefinite future." *Id.* at 8.

**2. Applicable Law**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a federal court is authorized to grant summary judgment in a case. Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c)(2). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on an issue where the

nonmovant bears the burden of proof at trial. *Id.* at 324. A mere scintilla of evidence in support of the non-movant's position is insufficient. *Anderson,* 477 U.S. at 252. To survive a motion for summary judgment, "a nonmovant must present more than a scintilla of evidence and must advance specific facts to create a genuine issue of material fact for trial." *Parks v. City of Horseshoe Bend, Arkansas,* 480 F.3d 837, 839 (8th Cir. 2007) (citation omitted). As stated in this rule, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." *Id.*

**3. Discussion**

In his Complaint, Plaintiff pleads three causes of action: (1) fraud, (2) promissory estoppel, and (3) breach of contract. As outlined below, this Court will address each of these issues separately and determine whether summary judgment is appropriate. In evaluating each of these causes of action, this Court also views all the facts in a light most favorable to Plaintiff, the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

    **A.**    **FRAUD**

Plaintiff claims there are triable issues of fact for his fraud claim. (Doc. No. 16, Pages 8-12). To establish fraud, a plaintiff must prove five elements under Arkansas law: (1) the defendant made a false representation of material fact, (2) the defendant knew that the representation was false or that there was insufficient evidence upon which to make the representation, (3) the defendant intended to induce action or inaction by the plaintiff in reliance upon the representation, (4) the plaintiff justifiably relied on the representation, and (5) the plaintiff suffered damage as a result of the false representation. *Jewell v. Fletcher,* 2010 Ark. 195, No. 09-313, 2010 WL 1726129 (Ark. April 29, 2010).

The first element–whether a false representation of material fact was made–must be established for a plaintiff to prove fraud. Importantly, under Arkansas law, the false representation essential for a fraud claim must be based upon an "existing situation" and cannot be based upon "future events." *Delta School of Commerce, Inc. v. Wood,* 298 Ark. 195, 200, 766 S.W.2d 424, 427 (1989). Such statements regarding future events are considered opinions. *See id.* There is one exception to this general rule: "an expression of opinion that is false and known to be false at the time it is made is actionable." *Id. See also Victor Broad. Co., Inc. v. Mahurin,* 236 Ark. 196, 201-02, 365 S.W.2d 265, 268-69 (1963); *Wilson v. Southwest Casualty Ins. Co.,* 228 Ark. 59, 63, 305 S.W. 677, 680 (1957) (holding "[a] promissory representation may be the basis of fraud in procuring a release if the promissor never intended to fulfill the promise and made it for the purpose of obtaining the release").

In the present action, Plaintiff alleges the primary "false representation of material fact" was made by Defendant's employees: "Q. But did he tell you–did he say, Mitchell or Mr. Billingsley or anything, saying I guarantee you we're going to renew your contract every six months or every year. Did he ever make you that guarantee? A. Yes." (Doc. No. 15-1, Page 28). Plaintiff also alleges an additional "false representation of material fact" was made: "A. . . . And that time I spoke with Billy Ewaskiwicz and told Bill we was fixin' to update cutting machine, same thing I'd always asked everybody. Do you see a problem in our four year contract to pay for this equipment before we buy it? Do you see a reason why I should be terminated because I'm not doing the job correctly or too many loggers, whatever? He said, no, Mitchell, I see no problem." (Doc. No. 15-1, Pages 49-50).

Both of these alleged "promises" relate to "future events" (whether Plaintiff's contract would be renewed) and not to an "existing situation." Thus, as a general rule, neither of these statements should be interpreted as a "false representation of material fact" under Arkansas law. *See Delta School*

5

*of Commerce, Inc.,* 298 Ark. at 200. Accordingly, the only remaining question is whether either of these statements qualify as "an expression of opinion that is false and known to be false at the time it is made is actionable." *Id.*

Both in his deposition testimony and in his briefing, Plaintiff does not claim that these statements were *known to be false at the time they were made.* Throughout his deposition testimony, Plaintiff never claimed those statements were false at the time they were made: "Q. Again, backing up, can you tell me what lies you were told when and by who that they knew at the time was a lie? A. I don't reckon I ever said anybody was lying. Q. Okay. What did, well, so they didn't lie to you? A. Like I said, I don't recall calling anybody a liar." (Doc. No. 10-9, Page 69). Further in the deposition, Plaintiff also failed to affirmatively claim any of Defendant's employees were lying: "Q. You don't know whether they lied to you at the time the statements were made? A. Don't know. . . . Q. Okay. At the time any of those statements were made do you know whether or not they were saying them in a way to intentionally mislead you? A. No, I don't know that they were doing that. . . ." (Doc. No. 10-9, Page 70-71).

Plaintiff also stated the following: "Q. Okay. Isn't it kind of fair to say that actually when these various conversations occurred before your termination, you know, about we're looking for contractors to be with us for a longtime and as long as you're doing your work and providing the equipment needed, that they intended those state–that they were true when they spoke them? I mean, those words when they spoke them to you they were true and they intended them? A. I took it as truth, yes. Q. Okay. A. If I thought they was lying I wouldn't be working for them." (Doc. No. 10-9, Page 87).

In his briefing, Plaintiff also does not claim these statements were false at the time they were made. (Doc. No. 16, Page 11). Instead, Plaintiff argues "[c]ontrary to Defendant's contention that the Plaintiff failed to show the statements were false, Brief at 12, *the termination of the contract belied*

6

*the statements of non-termination." Id.* (emphasis added). In essence, Plaintiff is arguing that the termination itself establishes that the statements made before the termination were false at the time they were made. Such logic is flawed. The fact that Plaintiff was terminated does not establish that any statements of non-termination (assuming any were made) were fraudulent. Such "promises" could have been made with an intent that they be fulfilled and then later events, such as market conditions, performance issues, or other factors cause the "promises" to remain unfulfilled.

Plaintiff has pled fraud and has the burden of proof on fraud at trial. Plaintiff has presented no summary judgment evidence establishing a genuine issue of material fact as to whether the statements were false at the time they were made. Indeed, Plaintiff's own testimony and briefing do not support a finding that a "false representation of material fact" under Arkansas law was made. Therefore, this Court recommends that summary judgment on Plaintiff's fraud cause of action be **GRANTED**. *See* FED. R. CIV. P. 56(c)(2).

### B.    PROMISSORY ESTOPPEL

Plaintiff claims there are triable issues of fact for his promissory estoppel claim. Promissory estoppel doctrine is defined as "[a] promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." *F.B. Reynolds v. Texarkana Const. Co., Inc.,* 237 Ark. 583, 584-85, 374 S.W.2d 818, 820 (1964) (citing the Restatement of Contracts § 90).

Further, according to the Civil Arkansans Model Jury Instructions (AMI)[2] 2444, a plaintiff

---

[2] According to the Arkansas Supreme Court, the instructions in the AMI are to be used to instruct the jury on a subject "unless the trial judge finds that it does not accurately state the law." *Arkansas Model Jury Instructions–Civil* (2010 Edition).

must establish the following four elements to state a cause of action for promissory estoppel: (1) the defendant made a promise to the plaintiff; (2) the defendant should reasonably have expected the plaintiff to act in reliance of the promise; (3) the plaintiff acted in reasonable reliance on the promise to his or her detriment; and (4) injustice can be avoided only by enforcement of the promise.

Promissory estoppel does not, however, provide a remedy in every situation where a promise is made. Notably, in Arkansas, this doctrine has been applied "in order to overcome deficiencies in the formation of an enforceable contract" but has not been applied "in order to determine the parties' rights under a contract that is otherwise enforceable." *Heating & Air Specialists, Inc. v. Jones,* 180 F.3d 923, 934 (8th Cir. 1999). As repeatedly stated by the Arkansas Supreme Court, "the law never accommodates a party with an implied contract when he has made a specific on the same subject matter." *Glenn Mech., Inc. v. South Ark. Regional Health Center,* 101 Ark. App. 440, 445, 278 S.W.3d 583, 587 (8th Cir. 2008) (quoting *Lowell Perkins Agency, Inc. v. Jacobs,* 250 Ark. 952, 959, 469 S.W.2d 89, 92-93 (1971)). The Arkansas Supreme Court has also held that "[p]romissory estoppel may be a basis for recovery *only* when formal contractual elements do not exist." *Taylor v. George,* 92 Ark. App. 264, 274, 212 S.W.3d 17, 25 (2005) (emphasis added).

In the present action, both Plaintiff and Defendant have recognized that Plaintiff was under two contracts at the time he was terminated. (Doc. Nos. 2, 11). One contract was for harvesting wood products and the other was for transportation of those products. (Doc. No. 2 ¶ 6). Apart from the claim for fraud discussed above, Plaintiff also does not provide any summary judgment evidence demonstrating a factual dispute as to whether these contracts were valid and enforceable.[3] Because a written contract exists outlining the relationship between Plaintiff and Defendant for harvesting and

---

[3] Indeed, Plaintiff even raises a breach of contract claim, which would presume the contracts are valid and enforceable. (Doc. No. 2 ¶¶ 17-20).

transporting wood, this Court will not imply a contract through promissory estoppel. *See Taylor,* 92 Ark. App. at 274. Therefore, this Court recommends that Defendant's Motion for Summary Judgment as to Plaintiff's promissory estoppel claim be **GRANTED.** *See* FED. R. CIV. P. 56(c)(2).

### C.   BREACH OF CONTRACT

Plaintiff claims there are triable issues of fact for his breach of contract claim. (Doc. No. 16, Page 12). While Plaintiff's Complaint indicates that his breach of contract claim is for the breach of a *written* contract, his response to Defendant's Motion for Summary Judgment indicates that he now seeks damages for the breach of an *oral* contract. (Doc. No. 2 ¶¶ 17-20; Doc. No. 16, Page 12). Thus, this Court will address both types of purported contracts.

The two written contracts are dated from March 27, 2006 to March 27, 2007. One contract addresses harvesting and the other addresses transportation. (Doc. No. 2, Exhibits A-B). As for the oral contract, the one term allegedly agreed between Plaintiff and Defendant was that if Plaintiff purchased the required equipment, he would be kept as a logger "forever" or "for a number of years." (Doc. No. 16).

For the written contracts, Plaintiff has not provided any argument or summary judgment evidence indicating how Defendants breached the contracts from March of 2006. In his Complaint, there is the bare claim that Defendant breached the contracts by improperly suspending the contracts and failing to "undo the suspension when the alleged grounds for the suspension no longer existed." (Doc. No. 2 ¶¶ 17-20). Defendant, however, disputes Plaintiff's bare claim that it breached the written contracts. (Doc. No. 11). In Defendant's Motion for Summary Judgment, Defendant claims that the harvesting contract provides that Defendant could cancel the contract "without cause, and for any reason" as long as Plaintiff was provided at least fourteen (14) days written notice. (Doc No. 11, Page 2). That terminology is included in the harvesting contract at Paragraph 15. (Doc. No. 2, Page 11).

Defendant argues that it properly followed that provision. Further, Defendant argues that the transportation contract provides that Defendant "does not represent, nor guarantee that there is or will be any certain quantity of forest products available for hauling." (Doc. No. 11, Page 2). That terminology is included in the transportation contract at Paragraph 1(c) and indicates that Plaintiff was not guaranteed any specific quantity for hauling. (Doc. No. 2, Page 12). Further, even without this showing by Defendant, Plaintiff still has not submitted any evidence demonstrating the contracts were breached. Therefore, this Court will not address this argument further.

As for the oral contract, even assuming the terms of this proposed contract were definite enough to be enforced, this oral contract must still comply with the statute of frauds. Pursuant to ARK. CODE ANN. § 4-59-101(a)(6), the statute of frauds in Arkansas requires a "memorandum or note . . . made in writing and signed by the party to be charged therewith" for a contract "that is not to be performed within one (1) year from the making of the contract, promise, or agreement." In this case, the alleged oral contract that Plaintiff be employed for life cannot be performed within a year. Thus, some type of writing "signed by the party to be charged therewith" must be provided. Plaintiff has not provided such a writing and does not even claim it exists. Accordingly, because Plaintiff's alleged oral contract does not comply with the statute of frauds, this Court also recommends that summary judgment be **GRANTED** as to Plaintiff's breach of contract claim. *See* FED. R. CIV. P. 56(c)(2).

**4. Conclusion**

Based upon the foregoing, this Court recommends that summary judgment be granted pursuant to Federal Rule of Civil Procedure 56(c)(2) on all three of Plaintiff's causes of action and that Plaintiff's case be dismissed with prejudice.[4]

---

[4] Because this Court recommends that Plaintiff's case be dismissed with prejudice, this Court will not address the issue of whether punitive damages are proper.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 24th day of August, 2010.**

                                                                    s/ Barry A. Bryant
                                                                    HON. BARRY A. BRYANT
                                                                    U. S. MAGISTRATE JUDGE